**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carnell Lamont BOYKIN,**
**Defendant–Appellant.**

No. 00–50667.

D.C. No. CR–00–00449–DT–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Dec. 18, 2001.

Before BEEZER, Senior Circuit Judge, WARDLAW, Circuit Judge, and SCHWARZER,* Senior District Judge.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM **

■ Carnell Lamont Boykin appeals his conviction of being a felon in possession in violation of 18 U.S.C. § 922(g). At trial, the government produced evidence that Boykin, when he heard a loud noise outside his house, had retrieved a rifle from an attic accessway above the closet in the bedroom shared by him and his girlfriend. A search disclosed an ammunition magazine with twenty-four live rounds on Boykin's bed. Boykin contends the evidence was insufficient to establish constructive possession. We disagree. Boykin's knowledge of the gun's location and unhindered access gave him constructive possession. *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990). Moreover, Boykin plainly had actual possession when he held the gun, if only momentarily.

■ We also reject his defense of justification. Boykin's argument fails on two of the four grounds required under *United States v. Gomez*, 92 F.3d 770 (9th Cir. 1996). *Id.* at 775. First, there was no evidence of any unlawful and present threat of death or serious bodily harm. Boykin points to two threats, neither of which satisfies this prong. Any threat from the entering police was lawful, based on a valid search warrant. In any event, any fear of death or injury from the police entry could not justify his constructive possession of the rifle before the entry. Any fear based on the killing of Boykin's brother 100 feet away eleven months prior did not amount to a sufficiently present or specific threat. Second, Boykin cannot claim that he lacked a reasonable legal

alternative, since he could have fled, hid, or called the police instead. *See id.* at 770.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.